F I L E D
United States Court of Appeals
Tenth Circuit

DEC 17 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOROTHY S. KARNES,

      Plaintiff - Appellant,

v.

SCI  COLORADO FUNERAL
SERVICES, INC., d/b/a/ T.G.
McCARTHY FUNERAL HOME

      Defendant -Appellee.

No. 97-1212
(District Court No. 93-Z-1150)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, KELLY,** and **HENRY**, Circuit Judges.

---

      Dorothy Karnes appeals the district court's order denying her motion for post-judgment attorneys' fees and costs.[1]  We conclude that the district court abused its

---

    [*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1]      SCI has filed an appeal of the district court's judgment after a jury verdict, no. 96-1478, arguing that the district court erred in instructing the jury on the burden of

discretion in denying Mr. Karnes's motion and remand the case for further proceedings.

## I. BACKGROUND

Ms. Karnes filed this wrongful discharge suit against her former employer, SCI Colorado Funeral Services, Inc., (SCI) asserting claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e17; and Colorado law. The district court granted summary judgment on several of Ms. Karnes's claims, but the ADEA and Title VII claims proceeded to trial. The jury returned a verdict in favor of SCI on Ms. Karnes's ADEA claim but found for Ms. Karnes on her Title VII retaliatory discharge claim, awarding her compensatory and punitive damages. On April 19, 1996, the district court entered a judgment in favor of SCI on the ADEA claim and in favor of Ms. Karnes on the Title VII retaliation claim. The court also ordered SCI to reinstate Ms. Karnes to her former position within thirty days. See Aplt's App. at 34.

On May 8, 1996, Ms. Karnes filed a motion for attorneys' fees and costs. She requested an award of $96,540.84 for fees and costs incurred between May 12, 1993 and May 3, 1996. SCI objected, arguing that the total amount awarded should be $59,175.70.

---

proof for Ms. Karnes's punitive damages claims. That appeal is addressed in a separate opinion. Ms. Karnes has also filed an appeal, no. 96-1480, challenging the district court's denial of her motion for pre-judgment attorneys' fees. That appeal is addressed in separate order and judgment.

The district court agreed, concluding that Ms. Karnes's fees should be reduced to the amount proposed by SCI.

On August 2, 1996, Ms. Karnes filed a motion for reinstatement. She reported that the parties had been unable to reach an agreement regarding the terms of reinstatement and asked the court to enforce its April 19, 1996 judgment by ordering SCI to reinstate her. SCI responded by arguing that because it had filed a motion for amendment of judgment, no final judgment had been entered. As a result, SCI maintained, the court should not order reinstatement.

At a September 13, 1996 hearing, after considering the arguments of counsel, the court denied SCI's motion for amendment of judgment and concluded that "[t]he judgment which was entered on April 19 is in effect, unless the Court of Appeals changes it." Id. at 71. Noting that the judgment stated that Ms. Karnes was entitled to reinstatement within thirty days of April 19, 1996, the court asked the attorneys to attempt to agree on an amount of front pay that SCI would pay Ms. Karnes for the period from May 19, 1996 until the day she resumed work. It then asked the parties to brief the question of how long the period of reinstatement should last but added, "Let's get [Ms. Karnes] back to work immediately." Id. at 73. When SCI's attorney asked if SCI could comply with the court's order by paying Ms. Karnes's salary but not requiring her to work, the court responded that such an arrangement would be acceptable if Ms. Karnes agreed to it. Id. at 78-79.

On October 8, 1996, Ms. Karnes filed a motion for contempt. She stated that SCI had refused to reinstate her and requested the court to find SCI in contempt of its order and to award costs and fees. In a report filed with the court on October 11, 1996, Ms. Karnes acknowledged that SCI had issued her a paycheck for the period from May 19, 1996 to October 4, 1996. Id. at 44. In a minute order, the court denied Ms. Karnes's contempt motion, reasoning that she had admitted that "[SCI] is complying with the court's . . . [o]rder to either pay or reinstate [Ms. Karnes]. Id. at 47.

The court held a second hearing on the issue of reinstatement on December 13, 1996. SCI announced that it had been unable to find a position for Ms. Karnes but had been paying her a salary. The court responded, "I need some showing from [SCI], and I have not had it, that [it has] really made an effort to put Ms. Karnes back to work in accordance with my order." Id. at 161. It then directed SCI to submit information regarding the employees that it had hired since 1992 and directed Ms. Karnes to submit an affidavit listing the jobs that she was capable of performing. It added that the order that SCI reinstate Ms. Karnes would continue to be in effect.

On December 26, 1996, SCI offered Ms. Karnes a job that involved cleaning three funeral homes in the Pueblo, Colorado area. It stated that her work hours would be from 3:00 p.m. to 11:00 p.m. On January 10, 1997 Ms. Karnes filed a status report with the court in which she stated that because her work hours for her previous position with SCI were from 7:00 a.m. to 4:00 p.m., the evening cleaning job that SCI had offered her was

4

not a substantially similar position and, as a result, she was not required to accept it.  The district court rejected Ms. Karnes's argument.  It concluded that SCI's offer was reasonable and ordered Ms. Karnes to return to work as soon as feasible.  Ms. Karnes then accepted the cleaning job and resumed working for SCI.

Ms. Karnes subsequently filed a motion for attorneys' fees and costs arising out of her post-judgment efforts to obtain reinstatement.  She sought fees for time expended from May 14, 1996 through January 29, 1997 and also sought certain costs incurred during that time. See id. at 106-116.   The tasks performed by Ms. Karnes's attorneys during this period included the following: (1) responding to SCI's motion to amend judgment; (2)  preparing a reply brief in support of Ms. Karnes's initial motion for attorneys' fees and costs; (3) preparing the motion for reinstatement; (3) preparing a motion for reconsideration of the district court's order denying her initial motion for attorneys' fees and costs: (5) attending the September 13, 1996 hearing on reinstatement; (6) preparing the motion for contempt; (7) preparing a response to the court's request for information about the length of reinstatement; (8) attending the December 13, 1996 hearing; and (9) preparing a January 10, 1997 status report, which included an affidavit regarding the jobs that Ms. Karnes was capable of performing.  Ms. Karnes sought to recover a total of $7,855.00 in fees and $137.46 in costs.  See id. at 103.

The district court denied Ms. Karnes's motion in a one-sentence minute order.  See id. at 122.  Ms. Karnes then filed a motion for reconsideration in which she observed that

the court had not explained the basis for its ruling.  On May 20, 1997, the court issued an order denying Ms. Karnes's motion to reconsider.  It explained its ruling as follows:

> Although a plaintiff may recover reasonable attorneys' fees for post-judgment efforts, such recovery is proper only if the effort expended was necessary and reasonable.  The protracted postjudgment history of this case is, in large part, due to the efforts of the plaintiff.  Although the Court agreed that paying plaintiff her salary until a cleaning position could be made for her was reasonable, plaintiff disagreed.  When a position was made available to plaintiff . . . , she refused to go back to work.  Instead, she filed a post-judgment motion seeking to alter defendant's offer of employment.
>
> At the close of trial, plaintiff was awarded attorneys' fees in the amount of $59,175.70.  The Court has previously noted that under the guidelines set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) the award was generous.  The Court is satisfied that plaintiff's efforts to prolong this litigation should not be rewarded.

Id. at 127-128 (citations omitted).


## II.  DISCUSSION

On appeal, Ms. Karnes argues that the district court erred in denying her motion for post-judgment fees and costs.  We review its decision for an abuse of discretion.  See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1492 (10th Cir. 1994).

Under 42 U.S.C. § 2000e-5(k), a district court may award attorneys fees to the prevailing party in a Title VII action.  Metz, 39 F.3d at 1492.  "Under the Title VII provision, a prevailing plaintiff 'ordinarily is to be awarded attorney's fees in all but

6

special circumstances.'" Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994) (Thomas, J., concurring) (quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978)). A prevailing party in a civil rights action is also entitled to recover certain costs. See Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995) (citing Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920)).

Attorneys' fees and costs may be awarded for necessary post-judgment efforts. See Joseph A. by Wolfe v. New Mexico Dep't of Human Servs., 28 F.3d 1056, 1059 (10th Cir. 1983). A party in entitled to recover fees for post-judgment work if she succeeds "'"on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"" Id. at 1059 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1988) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978))).

Here, the record does not support the district court's implicit conclusion that all of the post-judgment fees and costs requested by Ms. Karnes arose out of her unreasonable efforts to prolong the litigation. In particular, we note that tasks described in Ms. Karnes's post-judgment fee request included the preparation of a response to a motion filed by SCI (a motion that was eventually denied by the district court, as Ms. Karnes had urged the court to do) as well as the preparation of motions on behalf of Ms. Karnes. Two of Ms. Karnes's post-judgment motions were successful: she obtained an award of attorneys fees and costs (although in a lesser amount that she requested) and an order directing SCI to reinstate her to the evening cleaning job. Thus, in these post-judgment

proceedings, Ms. Karnes successfully opposed arguments made by SCI and, when confronted with SCI's delay, managed to eventually obtain the remedy (a job with SCI) that had been ordered by the court and that SCI had failed to provide for over eight months after the judgment. We therefore conclude that the district court abused its discretion in refusing to award Ms. Karnes <u>any</u> post-judgment fees and costs.

Nevertheless, we also conclude that it was within the district court's discretion to reduce the requested post-judgment fees and costs to some extent. In particular, after SCI offered Ms. Karnes the evening cleaning job on December 26, 1996, Ms. Karnes's attorneys' subsequent attempt to obtain another position for her was not successful. Thus, as to those efforts, Ms. Karnes was not the prevailing party, and the district court could properly deny her request to recover fees and costs for these post-December 26, 1996 activities.

We therefore conclude that, pursuant to 42 U.S.C. § 2000e-5(k), Ms. Karnes is entitled to recover reasonable attorneys' fees associated with the following tasks: (1) responding to SCI's motion to amend judgment; (2) preparing a reply brief in support of Ms. Karnes's initial motion for attorneys fees and costs; (3) preparing the motion for reinstatement; (3) preparing a motion for reconsideration of the district court's order denying her initial motion for attorneys' fees and costs: (5) attending the September 13, 1996 hearing on reinstatement; (6) preparing a response to the court's request for information about the length of reinstatement; and (7) attending the December 13, 1996

hearing.[2]  However, in light of SCI's December 26, 1996 offer of the evening cleaning job and the district court's conclusion that that offer was reasonable, we conclude that Ms. Karnes is not entitled to recover attorneys' fees and costs associated with the January 10, 1997 status report regarding the jobs that Ms. Karnes was capable of performing. Due to its familiarity with the litigation, we leave it for the district court to determine a reasonable amount to be awarded for the tasks performed by Ms. Karnes's attorneys.  See Ramos v. Lamm, 713 F. 2d 546, 552-560 (10th Cir. 1983).

CONCLUSION

We conclude that the district court abused its discretion in completely denying Ms. Karnes's motion for post-judgment costs and attorneys' fees.  The district court's order denying Ms. Karnes's motion is reversed and the case is remanded.  On remand, the district court should award reasonable attorneys' fees and costs for Ms. Karnes's

---

[2]  We exclude the October 8, 1996 motion for contempt from this list of tasks for which Ms. Karnes's attorneys may recover reasonable attorneys' fees.  In light of the district court's ruling (reasoning that SCI had paid Ms. Karnes for the period from May 19, 1996 until October 4, 1996), we conclude that it was not an abuse of discretion for the court to deny fees to Ms. Karnes for the filing of this unsuccessful motion.

attorneys' post-judgment efforts in accordance with this order and judgment.


Entered for the Court,



Robert H. Henry
United States Circuit Judge